**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **ABEL J. DEDEAUX, #L6562** | **PETITIONER** |
| **VS.** | **CIVIL ACTION NO.: 1:08-CV-101-LG-JMR** |
| **LAWRENCE KELLY,** **SUPERINTENDENT OF MISSISSIPPI STATE PENITENTIARY** | **RESPONDENT** |

_____

**REPORT & RECOMMENDATION**
_____

This matter is before this Court on the Respondent's Motion [7-1] to Dismiss Pursuant to § 2244(d). To date, the Petitioner has failed to respond to Respondent's Motion [7-1], which was filed on April 22, 2008. Having considered the Respondent's Motion [7-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [7-1] is well-taken and should be granted. Accordingly, Dedeaux's petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

Petitioner, Abel Dedeaux, was indicted by the Circuit Court of Harrison County, Mississippi, on charges of aggravated assault, leaving the scene of an accident, armed robbery, possession of a controlled substance, and robbery. Dedeaux attempted to enter a plea of guilty on June 2, 2003, before Circuit Judge Jerry Terry. Circuit Judge Terry advised that he would not follow the recommendation of the State and allowed Dedeaux to withdraw his plea. Dedeaux again attempted to plead guilty on July 7, 2003, before Circuit Judge Robert Walker. Circuit Judge Walker refused to accept the plea for leaving the scene of an accident as Dedeaux denied that he was the driver of

the vehicle.

Dedeaux entered a plea of guilty to leaving the scene of an accident and to robbery on July 14, 2003, before Circuit Judge Walker. The remaining charges were passed to the files by the State. Dedeaux was sentenced to five (5) years for leaving the scene of an accident with two (2) years suspended, leaving him three (3) years to serve. He was sentenced to fifteen (15) years for robbery with twelve (12) years suspended, leaving three (3) years to serve. The two sentences were to run concurrently. Dedeaux was to be placed on three (3) years post-release supervision. *See* Sentencing & Probation Order attached as Exhibit "A" to Respondent's Motion to Dismiss .

On November 19, 2003, a Petition to Revoke Probation was filed, and an Amended Petition to Revoke Probation was filed November 22, 2004. On February 28, 2005, Dedeaux's probation was revoked and he was sentenced to five (5) years for leaving the scene of an accident and fifteen (15) years for robbery, to run concurrently. *See* Order attached as Exhibit "B" to Respondent's Motion for Dismissal. On July 21, 2006, Dedeaux, proceeding *pro se*, filed a Motion for Post Conviction Collateral Relief in the Circuit Court of Harrison County[1], alleging that the prosecution failed to disclose information to him; that his plea was not voluntary as he did not understand the nature of the charge and consequences of the plea; and that he did not receive effective assistance of counsel.[2] *See* Motion for Post Conviction Collateral Relief attached as Exhibit "A" to Petition. On August 22, 2007, Dedeaux filed a Petition for Writ of Mandamus with the Supreme Court of the State of

---

[1] Dedeaux's first motion for post-conviction relief was filed between two other motions concerning his sentence. Dedeaux first filed a Motion for Reduction of Sentence on June 10, 2005. The motion was denied by Order filed July 19, 2005. Following his motion for post-conviction relief, Dedeaux then filed a Motion to Dismiss Revocation Proceedings on August 8, 2007. That motion was denied by Order on August 22, 2007. *See* Order, p.2, attached as Exhibit "C" to Petition.

[2] In his petition for post-conviction relief, Dedeaux at no point challenges his plea on the robbery charge, nor does Dedeaux in any way challenge or attack his revocation proceeding and sentence.

Mississippi asking the Court to require the trial court to rule on his petition for post-conviction relief. See Petition for Writ of Mandamus attached as Exhibit "B" to Petition.  In the interim, Dedeaux's Motion was denied by order of the trial court on September 20, 2007.  *See* Order attached as Exhibit "C" to Respondent's Motion for Dismissal Pursuant to §2244(d).

On October 11, 2007, Dedeaux filed a Motion to Appeal Circuit Court Order in the Supreme Court of the State of Mississippi.  *See* Appeal of Circuit Court Order attached as Exhibit "A2" to Petition.  On October 17, 2007,  Dedeaux received notice that the appeal of circuit court order had been filed, but the Office of the Clerk had not received a copy of the certificate of compliance in accordance with M.R.A.P. 11(b)(1).  *See* Notice attached as Exhibit "B2" to Petition. Dedeaux complied with the notice on October 19, 2007.  On November 16, 2007, Dedeaux received written notice from the Clerk of the Court that he had substantially  failed to prosecute the appeal. Dedeaux was given fourteen days to correct the deficiency pursuant to M.R.A.P. 2(a)(2).  *See* Exhibit "C2" attached to Petition. Dedeaux filed his Motion to Proceed in Forma Pauperis to the Supreme Court. On December 21, 2007, Dedeaux received an Order from the Supreme Court dismissing his Writ of Mandamus as moot and dismissing his Motion to Proceed in Forma Pauperis for failure to file the motion with the trial court.  *See* Order attached as Exhibit "E" to Petition.  On January 31, 2008, Petitioner received a notice of dismissal for failure to pay costs  pursuant to M.R.A.P. 2(a)(2).  *See* Dismissal Notice attached as Exhibit "F" to Petition.

On March 3, 2008, Dedeaux filed the instant Petition for Writ of Habeas Corpus.  Dedeaux filed a Motion for Leave to Proceed in forma pauperis on March 31, 2008.  The Motion was granted by Order on April 3, 2008.  On April 22, 2008, Respondent filed Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d).

**ANALYSIS**

The Respondent argues that Dedeaux's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant petition, Dedeaux challenges his plea and sentence rather than the revocation of probation, raising the issues he asserted in his post-conviction action in state court.[3] Mississippi state law prohibits a defendant who has pled guilty from prosecuting a direct appeal of his *conviction* in state court. However, the Mississippi Supreme Court has created an exception permitting a defendant to appeal the *legality of his sentence* within thirty days of the imposition of that sentence. *Acker v. State,* 797 So.2d 966 (Miss. 2001). Therefore, Dedeaux's convictions and sentences became final on August 13, 2003, thirty days after he was sentenced on his guilty plea. *See Boyett v. Waller,* 2006 WL 3206082, *1 (N.D.Miss. 2006). Thus, unless Dedeaux complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(2), any *habeas* petition challenging his conviction or sentence for leaving the scene or robbery must have been filed before August 13, 2004, in order to toll the limitation period. *See Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

A review of the record indicates that Dedeaux signed his state court motion for post-conviction relief on July 13, 2006, and that it was received and stamped as "filed" in the Harrison County Circuit Court on July 21, 2006 - some 699 days after the August 13, 2004, deadline for filing

---

[3] *See* Motion for Post Conviction Collateral Relief attached as Exhibit "A" to Petition; Order attached as Exhibit "C" to Petition, at p. 2. (finding that Petitioner's post-conviction action in state court challenged only his plea and sentence and not the revocation).

Dedeaux's federal *habeas* petition. The trial court denied Dedeaux's motion by Order on September 20, 2007. Therefore, Dedeaux failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).[4]

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Dedeaux "filed" his petition was on March 11, 2008, the date it was signed. This date is 1,306 days past the August 13, 2004 deadline for filing his federal *habeas* petition. Dedeaux's failure to file his petition within the statutory deadline warrants dismissal of his petition. Additionally, Dedeaux fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). As noted above, Dedeaux has failed to respond to the Respondent's Motion [7-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling. Therefore, Dedeaux's Petition is time-barred by § 2244(d).

Although Dedeaux's petition for a writ of *habeas corpus* was untimely filed, the Court would ordinarily address the merits of Dedeaux's claims out of an abundance of caution. However, in the present instance, neither Dedeaux's Petition nor Respondent's Motion [7-1] to Dismiss include a transcript of the Circuit Court proceedings. Therefore, the Court is unable to reach the merits of

---

[4] Assuming, *arguendo*, that Dedeaux's Motion for Reduction of Sentence filed June 10, 2005, could be construed as a sufficient motion for post conviction relief, Dedeaux would still fail to trigger the tolling provision under §2244(d)(2), as the motion was not filed until after August 13, 2004.

Dedeaux's assignments of error.

## CONCLUSION

Dedeaux's conviction became final on August 13, 2003. Thereafter, Dedeaux had one year or until August 13, 2004, to file a federal petition for a writ of *habeas corpus*. At the earliest, Dedeaux filed his federal habeas petition on March 11, 2008, some 1,306 days past the August 13, 2004 deadline. To date, Dedeaux has failed to respond to the Respondents' Motion [7-1] to Dismiss. Thus, this Court finds that Dedeaux is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that Dedeaux's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d), or in the alternative, upon the merits.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   20th   day of August, 2008.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE