IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ABEL J. DEDEAUX** | § | **PETITIONER** |
| | § | |
| **V.** | § | **NO. 1:08cv101-LG-JMR** |
| | § | |
| **LAWRENCE KELLY, Superintendent of MSP** | § § § | **RESPONDENT** |

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT
AND RECOMMENDATION AND DENYING MOTION FOR HEARING**

**BEFORE THE COURT** is the Report and Recommendation [8] of Chief United States Magistrate Judge John M. Roper, Sr., entered in this cause on August 20, 2008, regarding Petitioner Abel J. Dedeaux's [1] Petition for Habeas Corpus pursuant to § 2254.  The Magistrate Judge recommends that the Respondent's [7] Motion to Dismiss be granted and that the petition be dismissed as time-barred.  Dedeaux timely filed his Objection, and he filed a Motion for Evidentiary Hearing [10].  The Court has conducted a *de novo* review of Dedeaux's objections, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge should be adopted in part and modified in part.  The Court further finds the motion for hearing should be denied.

**FACTS AND PROCEDURAL HISTORY**

Dedeaux pled guilty to felony leaving the scene of an accident and robbery in the Circuit Court of Harrison County, Mississippi, First Judicial District.  On July 15, 2003, the order of convictions and sentences was filed.  For leaving the scene of an accident, the trial court sentenced him to five years in the custody of the Mississippi Department of Corrections, with two years suspended.  For robbery, he was sentenced to fifteen years, with twelve suspended.  These

sentences run concurrently. Additionally, he was given three years post-release supervision.

His probation was revoked on March 1, 2005. Consequently, the state court ordered him to serve the remainder of his sentences. On June 10, 2005, Dedeaux filed a Motion for Reduction of Sentence, which was denied on July 19. He did not appeal. He then filed a Motion for Post-Conviction Relief on July 21, 2006. This, too, was denied by the state court on September 20, 2007. He timely appealed this denial to the Mississippi Supreme Court, which dismissed his appeal for failure to pay costs on January 31, 2008. He filed the instant habeas petition on March 11.

## DISCUSSION

The Magistrate Judge found that Dedeaux's petition was untimely and that there was no equitable tolling of the statute of limitations. Dedeaux objects and argues that he thought the one-year period to file his habeas petition did not start to run until February 28, 2005, the day he was remanded back to the custody of the Mississippi Department of Corrections.

The AEDPA provides that a one year period of limitations in which to file a habeas petition will run from the latest of the (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" or, *inter alia*, (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

Dedeaux's conviction and sentence were filed on July 15, 2003. Dedeaux had thirty days,

or until August 14, to appeal his sentence. Miss. R. App. P. 4 (thirty days runs from the latest of the entry of judgment, entry of denial of post-trial motions, or imposition of sentence); *Acker v. State*, 797 So. 2d 966, 967 n.1 (Miss. 2001). When he failed to do so, his convictions and sentences became final on this date. To the extent that the Report and Recommendation finds that his conviction was final before this date, that finding is hereby modified. Thus, the one-year period of limitations began to run, and Dedeaux had until August, 14, 2004, to file his petition for habeas relief, subject to statutory or equitable tolling.

No statutory tolling applies, because no motion for state post-conviction or other collateral relief was filed during this time.

"To be entitled to equitable tolling, [Dedeaux] must show '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," or he was actively misled by the defendant. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). Dedeaux claims that his petition is untimely because he is not an attorney and thought that the limitations would not start until his probation was revoked on February 28, 2005. *Pro se* status by itself does not qualify as an extraordinary circumstance. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). Thus Dedeaux is not entitled to equitable tolling. Because there is no tolling, his one-year period of limitations ran out in August of 2004. His petition, filed in 2008, is untimely.

Even if the Court were to find that the limitations period should be equitably tolled until February 28, 2005, the petition is nevertheless untimely. On this reasoning, Dedeaux would have until February 28, 2006, to file his petition. During this time, he filed a Motion to Reduce

Sentence on June 10, 2005, which was denied on July 19, 2005.  This tolls his filing time for at most sixty-nine more days (counting available appeal time), or until May 11, 2006.  No other collateral motions were filed before May 11, 2006.  Thus, even under this scenario, his petition was untimely when filed in March of 2008.

Finally, the Court finds that Dedeaux has failed to show a need for an evidentiary hearing on this matter.  After *de novo* review, the Court finds the Magistrate Judge correctly concluded that Dedeaux's habeas petition is untimely filed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, the Report and Recommendation [8] of Chief United States Magistrate Judge John M. Roper, Sr., entered on August 20, 2008, be, and the same hereby is, adopted in part and modified in part as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's [10] Motion for Evidentiary Hearing should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** Respondent's [7] Motion to Dismiss is **GRANTED.**  Petitioner Abel J. Dedeaux's [1] Petition for Habeas Corpus is **DISMISSED**.  A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE